Christopher H. Dieterich, Esq. (SBN 092592)
*e-mail:* venturlaw@gmail.com
Mahbod Mike Khalilpour, Esq. (SBN 266821)
*e-mail:* mike.khalilpour@gmail.com
**DIETERICH & ASSOCIATES**
11835 W. Olympic Blvd., Ste. 1235E
Los Angeles, California 90064
Telephone: (310) 312-6888
Facsimile: (310) 312-6680

Attorney(s) for Plaintiff(s)
    *MICRO IMAGING TECHNOLOGY, INC.*

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRO IMAGING TECHNOLOGY, INC., a California corporation, | Case No.: |
| Plaintiff(s), | **COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |
| vs. | |
| MICHAEL W. BRENNAN, an individual; DOES 1 through 20, Inclusive, | **(1) VIOLATION OF §10(b) OF THE EXCHANGE ACT & RULE 10b-5** |
| Defendant(s). | **(2) VIOLATION OF §16(a) OF THE EXCHANGE ACT** |
| | **(3) VIOLATION OF CAL. CORP. CODE § 25402** |
| | **(4) BREACH OF FIDUCIARY DUTY** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff MICRO IMAGING TECHNOLOGY, INC., a California corporation (hereinafter "MMTC" or "Plaintiff") alleges in its Complaint for damages, as more fully set forth below. The factual allegations set forth herein, have evidentiary support or, to the extent they are contained in a paragraph made upon information and belief, likely will have evidentiary support after a

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

reasonable opportunity for further investigation or discovery.

## PARTIES

1.      At all times relevant herein, Plaintiff MICRO IMAGING TECHNOLOGY, INC., was and is a corporation organized, existing, and qualified to do business under the laws of the State of California, with its principle place of business located at 970 Calle Amanacer, Suite F, San Clemente, County of Orange, California 92673.

2.      Plaintiff is informed and believes, and on that basis alleges, that all times relevant here, Defendant MICHAEL W. BRENNAN is an individual residing in the City of Westlake Village, County of Ventura, State of California. At all times relevant in this Action, Defendant Brennan was an officer and director of Plaintiff MMTC from August 2, 2006 through April 13, 2012.

3.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 20, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said defendants when they are ascertained.  Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously named defendants is responsible in some manner to pay the obligations described herein, and that Plaintiffs' losses as alleged herein were proximately caused by said defendants' conduct.

4.      Unless otherwise specified, Defendant MICHAEL W. BRENNAN, and DOES 1-20 will be referred collectively herein simply as "Defendants."

## JURISDICTION AND VENUE

5.      The claims asserted herein arise under and pursuant to §§10(b) and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act") promulgated thereunder by the Securities and Exchanges Commission ("SEC").

///

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act (15 U.S.C. §78aa).

7.     This Court has Supplemental Jurisdiction over the California State law violations pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and §27 of the Exchange Act (15 U.S.C. §78aa) because many of the acts, omissions, and practices complained of herein occurred in substantial part in this District. Plaintiff MMTC is headquartered in this District and Defendant Brennan resides in this District. Defendant has had extensive contacts with California as a former Chief Executive Officer of MMTC or otherwise, which makes the exercise of personal jurisdiction over him proper.

## **GENERAL ALLEGATIONS**

9.     Micro is a publicly traded company, under the symbol MMTC and has been such at all times relevant to this complaint. As such, it files periodic reports under Sections 12(g) and 13(a) of the Exchange Act, on at least a quarterly basis.

10.     All affiliates of MMTC, to whit, each officer and director, and any person or entity owning more than 10% of the equity of the corporation, are obligated to file reports concerning their own ownership in and purchase and/or sales of securities of the company. These reports are to be made on Form 3 (initial), Form 4 (ongoing) and Form 5 (annual summary) for officers and directors acquiring or disposing of interests in the company), and on Forms 13(D) or 13(E) for entities owning in excess of 5% of the Company's stock.

11.     Pursuant to the same Section 12 of the Exchange Act, a Form 4 is to be filed by any officer or director who acquires or disposes of securities of the company within 48 hours of that activity (2 business days). (15 U.S.C. § 78p) Multiple purchases or sales over a period of time would require multiple filings,

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

the intent of which would be to alert the public of the activities of the officer or director on a timely basis.  This information is deemed to be relevant to persons or entities interested in the trading stock of the corporation as it may indicate trends, which the third-party shareholder may deduce from the activities of these so-called  insiders.

12.    From August 2, 2006 through April 13, 2012, Defendant Michael W. Brennan was both an officer and a director of Plaintiff Micro Imaging Technology, Inc., and, by definition, an affiliate subject to the filing requirements noted above, for a period extending to ninety (90) days after the date on which he ceased his "affiliation" (July 12, 2012).

13.    Equity Activities of Defendant Brennan commenced with his engagement, in August of 2006.  At that time, Brennan was issued shares of the Company's common stock, both as compensation and as an incentive, given the economic concept of an increasing price of the shares as a return on good services provided by the executive to the company.   These share issuances, commencing with the Quarterly Report (Form 10QSB) filed on September 14, 2006, were dutifully reported by the company.

14.    From November 2, 2006 through February 2, 2011, Brennan continued to post his Form 4's on the Edgar system, as mandated by the SEC.

15.    However, only two of these filings actually listed sales of securities: one on November 2, 2006 and one on April 10, 2007.  Not one other Form 4 disclosure document ever itemized any sales of shares by Brennan, despite the fact that he remained an officer and director until April 13, 2012 (and for a period of 90 days thereafter, an affiliate, by definition).

16.    Based upon filings made by Brennan, in a complaint recently initiated against persons and entities other than Plaintiff with the Financial Industry Regulatory Authority ("FINRA") on November 2013, Defendant Brennan admits, for the very first time, to selling shares on at least 71 occasions

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

1  (many of these are duplicates or occurrences on the same transaction date), up to

2  June 15, 2010, the last date cited on the Exhibit to the complaint.   The

3  cumulative sales exceed 2,800,000 shares, and these are merely the ones he

4  chose to admit to in this filing.  As of June 30, 2010, in his Form 4 filings, he is

5  asserting ownership of slightly over 12,000,000 shares without admitting to most

6  of the above-denominated dispositions.

7      17.   According to SEC filings made by Micro, Brennan received

8  additional shares, in compensation and in exchange for debt cancellation, such

9  that by April 13, 2012, the date of his formal departure from the Company, the

10  Company believed him to be in possession of 86,180,681 shares of Class A

11  Common Stock.

12      18.   On or about July 2013, in demand letters to the Company, Brennan

13  asserts that he has sold all of his shares, which would equate to disposing of

14  more than 50 million shares of the Company between December 31, 2010 and

15  present day.

16      19.   Plaintiff alleges that many of these shares were sold while Brennan

17  was still an affiliate, prior to the lapse of that status on July 12, 2012, and, of

18  course, Brennan did not file Form 4's or make any other announcement of these

19  sales to the public, as required.

20      20.   Plaintiff alleges that Defendant Brennan has now denied the

21  authenticity and genuineness of at least one Form 4 filed by him and/or on his

22  behalf with the SEC on December 01, 2008.

23

24  **FIRST CAUSE OF ACTION**

25  **VIOLATION OF §10(b) OF THE EXCHANGE ACT & RULE 10b-5**

26      21.   Plaintiff repeats and re-alleges all of the allegations in paragraphs 1

27  thru 17, as if fully alleged herein.

28  ///

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

22.    Rule 10b-5, promulgated by the SEC under Section 10(b) of the Exchange Act, prohibits fraudulent conduct in connection with the purchase or sale of securities. (15 U.S.C. § 78j.)

23.    Rule 10b-5 provides that it is unlawful for any person, directly or indirectly: (1) to employ any device, scheme, or artifice to defraud, (2) to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security. (17 C.F.R. § 240.10b-5.)

24.    As alleged above, beginning on November 02, 2006, and ending on February 02, 2011, Defendant Brennan filed and/or caused to be 1 Form-3 and 52 Form 4's in connection with his acquisition of MMTC common stock.

25.    Between November 02, 2006 and February 02, 2011, Defendant Brennan had publicly announced sale of his MMTC securities only twice, on November 02, 2006 (indicating disposal of 151,400 shares of Class A Common Stock), and on a Form-4 dated April 10, 2007, indicating sale of 159,000 shares of Class A Common Stock.

26.    However, upon Defendant's filing of a FINRA Complaint on November 04, 2013, he indicated both in the Complaint and in attachments and exhibited attached thereto, sale of MMTC securities totalling 3,135,950 shares of MMTC Class A Common Stock for a time period commencing on March 28, 2007 until June 15, 2010.

27.    The final Form-4 filed by Defendant Brennan, electronically signed by him on February 02, 2011, indicates an acquisition of 50,000 shares of Class A Common Stock, with a total amount of securities beneficially owned at 23,498,600.

DIETRICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

28.    As of present date, Plaintiff MMTC is unaware of how many shares of its Class A Common Stock Defendant beneficially owns, and/or how many shares were disposed of during the time period in which Defendant Brennan would have been, by definition, an "insider."

29.    In Plaintiff's Form 10-K filing, for its fiscal year ending October 31, 2011, filed on February 08, 2012 and signed by Defendant Brennan, it was reported that Defendant Brennan had 36,180,681 Class A Common Stock shares of Plaintiff Micro Imaging Technology, Inc., representing a 6.5% ownership interest in the Company.  However, based upon Defendant Brennan's Amended FINRA Complaint dated November 04, 2013, it appears approximately 3,133,950 shares of Plaintiff's Class A Common stock were sold by him between the calendar years of 2008 to 2010.

30.    On or about February 13, 2012, Defendant Brennan was issued 50,000,000 shares of Class A Common Stock, as indicated in an exchange for $100,000 of funds owed him by the Company.

31.    As a direct and proximate result of Defendant's material omissions in failing to disclose and announce publicly the various sales of his securities, Plaintiff MMTC has been substantially harmed.  This conscious disregard for reporting requirements promulgated by the SEC cannot be characterized as anything but reckless and unlawful.

## SECOND CAUSE OF ACTION
## VIOLATION OF §16(a) OF THE EXCHANGE ACT

32.    Plaintiff repeats and re-alleges all of the allegations set forth above, as if fully alleged herein.

33.    Disgorgement of "Short Swing Profits," promulgated by the SEC under Section 16(a) of the Exchange Act, prohibits the purchase and/or sale of securities by "beneficial owner, director, or officer." (15 U.S.C. § 78p.)

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

34.     Section 78p(b) states, in clear terms that:

> *For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer ...within any period of less than six months,...shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer....* (15 U.S.C. §78p)

35.     Here, Defendant Brennan recklessly withheld the notifications required for sales of securities issued to him by Plaintiff MMTC from a period commencing on or about March 38, 2007 until June 15, 2010.  As Defendant has failed to file any Form 4's indicating the sale of securities beneficially owned by him, since April 10, 2007, Plaintiff is presently unsure of the exact number of shares subject to this Rule, or how many shares Defendant owns currently, or owned on or before July 12, 2012.

36.     Based upon admissions made by Defendant in his FINRA complaint, filed on November 4, 2013, the following table provides an indication of the purchase and/or sales subject to Section 16(a).

| SALE/ ISSUED | SHARES MATCHED | SHARES SOLD | SALE PRICE | GROSS PROCEED | ROLLING SIX MONTHS | | SHARE VALUE | GAIN REALIZE |
|---|---|---|---|---|---|---|---|---|
| | | | | | PRIOR | AFTER | | |
| 03/28/07 | (159,000) | 159,000 | 0.370 | 59,255.30 | 09/29/06 | 09/24/07 | 27,160.00 | 32,095.30 |
| 07/13/07 | (55,000) | 55,000 | 0.380 | 21,023.92 | 01/14/07 | 01/09/08 | 8,200.00 | 12,823.92 |
| 08/22/07 | (34,500) | 34,500 | 0.330 | 11,225.24 | 02/23/07 | 02/18/08 | 8,280.00 | 2,945.24 |
| | (248,500) | 248,500 | 0.36822720 | 91,504.46 | | | 43,640.00 | 47,864.46 |
| 01/07/08 | (60,000) | 60,000 | 0.380 | 23,075.93 | 07/11/07 | 07/05/08 | 12,300.00 | 10,775.93 |
| 01/18/08 | (50,000) | 50,000 | 0.290 | 14,321.07 | 07/22/07 | 07/16/08 | 11,685.00 | 2,636.07 |
| 01/22/08 | - | 3,000 | 0.230 | 684.81 | 07/26/07 | 07/20/08 | - | - |
| 01/24/08 | (45,000) | 45,000 | 0.290 | 12,896.47 | 07/28/07 | 07/22/08 | 11,250.00 | 1,646.47 |

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

DIETRICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 01/25/08 | (65,000) | 65,000 | 0.290 | 19,146.08 | 07/29/07 | 07/23/08 | 16,250.00 | 2,896.08 |
| 01/28/08 | (10,000) | 10,000 | 0.290 | 2,924.26 | 08/01/07 | 07/26/08 | 2,500.00 | 424.26 |
| 02/06/08 | (75,000) | 75,000 | 0.300 | 22,631.04 | 08/10/07 | 08/04/08 | 18,820.00 | 3,811.04 |
| **TOTAL** | (305,000) | 308,000 | 0.31064825 | 95,679.66 | | | 72,805.00 | 22,189.85 |
| 02/27/08 | (100,000) | 100,000 | 0.280 | 27,871.94 | 08/31/07 | 08/25/08 | 27,000.00 | 871.94 |
| 03/04/08 | (40,000) | 40,000 | 0.330 | 13,159.85 | 09/06/07 | 08/31/08 | 7,200.00 | 5,959.85 |
| 03/05/08 | (1,000) | 1,000 | 0.260 | 255.92 | 09/07/07 | 09/01/08 | 180.00 | 75.92 |
| 03/05/08 | (14,000) | 14,000 | 0.340 | 4,701.89 | 09/07/07 | 09/01/08 | 2,970.00 | 1,731.89 |
| 03/05/08 | (15,000) | 15,000 | 0.320 | 4,739.82 | 09/07/07 | 09/01/08 | 4,050.00 | 689.82 |
| 03/05/08 | (50,000) | 50,000 | 0.330 | 16,367.06 | 09/07/07 | 09/01/08 | 13,500.00 | 2,867.06 |
| 03/06/08 | (50,000) | 50,000 | 0.350 | 17,267.05 | 09/08/07 | 09/02/08 | 13,500.00 | 3,767.05 |
| 03/06/08 | (50,000) | 50,000 | 0.360 | 17,767.05 | 09/08/07 | 09/02/08 | 13,500.00 | 4,267.05 |
| 03/06/08 | (100,000) | 100,000 | 0.360 | 35,566.85 | 09/08/07 | 09/02/08 | 27,000.00 | 8,566.85 |
| 03/28/08 | - | 300 | 0.090 | 27.97 | 09/30/07 | 09/24/08 | - | - |
| 04/02/08 | - | 150 | 0.130 | 19.98 | 10/05/07 | 09/29/08 | - | - |
| 04/17/08 | (5,000) | 5,000 | 0.350 | 1,760.61 | 10/20/07 | 10/14/08 | 250.00 | 1,510.61 |
| 04/28/08 | (300,000) | 300,000 | 0.310 | 94,019.60 | 10/31/07 | 10/25/08 | 15,000.00 | 79,019.60 |
| 06/12/08 | (75,000) | 75,000 | 0.290 | 21,579.62 | 12/15/07 | 12/09/08 | 2,750.00 | 18,829.62 |
| 06/12/08 | (96,500) | 96,500 | 0.290 | 27,603.84 | 12/15/07 | 12/09/08 | 4,575.00 | 23,028.84 |
| 07/28/08 | (14,600) | 14,600 | 0.280 | 4,142.50 | 01/30/08 | 01/24/09 | 175.20 | 3,967.30 |
| 08/01/08 | (5,000) | 5,000 | 0.220 | 1,095.62 | 02/03/08 | 01/28/09 | 60.00 | 1,035.62 |
| 08/01/08 | (25,000) | 25,000 | 0.250 | 6,241.59 | 02/03/08 | 01/28/09 | 300.00 | 5,941.59 |
| 08/04/08 | (10,000) | 10,000 | 0.250 | 2,467.63 | 02/06/08 | 01/31/09 | 136.10 | 2,331.53 |
| 08/07/08 | (75,000) | 75,000 | 0.260 | 19,229.64 | 02/09/08 | 02/03/09 | 2,183.70 | 17,045.94 |
| 11/04/08 | (20,000) | 20,000 | 0.060 | 1,194.49 | 05/08/08 | 05/03/09 | 307.50 | 886.99 |
| 11/04/08 | (50,000) | 50,000 | 0.057 | 2,842.23 | 05/08/08 | 05/03/09 | 768.75 | 2,073.48 |
| 11/04/08 | (50,000) | 50,000 | 0.061 | 3,052.23 | 05/08/08 | 05/03/09 | 768.75 | 2,283.48 |
| **TOTAL** | (1,146,100) | 1,146,550 | 0.28169289 | 322,974.98 | | | 136,175.00 | 186,752.03 |
| 05/21/09 | (3,500) | 3,500 | - | 285.72 | 11/22/08 | 11/17/09 | 53.81 | 231.91 |
| 11/03/09 | - | 1,899 | 0.082 | 40.77 | 05/07/09 | 05/02/10 | - | - |
| 12/07/09 | - | 1,650 | 0.021 | 39.34 | 06/10/09 | 06/05/10 | - | - |
| 12/11/09 | - | 32,500 | 0.024 | 1,250.69 | 06/14/09 | 06/09/10 | - | - |
| 12/29/09 | (25,000) | 25,000 | 0.038 | 918.84 | 07/02/09 | 06/27/10 | 837.50 | 81.34 |
| 12/30/09 | (25,000) | 39,500 | 0.037 | 1,522.59 | 07/03/09 | 06/28/10 | 837.50 | 685.09 |
| **TOTAL** | (53,500) | 104,049 | 0.03900037 | 4,057.95 | | | 1,728.81 | 998.34 |
| 01/07/10 | - | 75,000 | 0.039 | 2,892.17 | 07/11/09 | 07/06/10 | - | - |
| 01/15/10 | - | 1,250 | 0.002 | 2.13 | 07/19/09 | 07/14/10 | - | - |
| 01/22/10 | - | 10,000 | 0.032 | 320.14 | 07/26/09 | 07/21/10 | - | - |
| 01/22/10 | - | 30,447 | 0.036 | 1,111.27 | 07/26/09 | 07/21/10 | - | - |
| 01/25/10 | - | 25,000 | 0.038 | 943.85 | 07/29/09 | 07/24/10 | - | - |
| 01/27/10 | (15,000) | 15,000 | 0.040 | 607.21 | 07/31/09 | 07/26/10 | 585.00 | 22.21 |
| 01/28/10 | - | 5,000 | 0.034 | 170.56 | 08/01/09 | 07/27/10 | - | - |
| 01/29/10 | - | 20,000 | 0.039 | 786.77 | 08/02/09 | 07/28/10 | - | - |
| 02/02/10 | (20,000) | 20,000 | 0.038 | 769.28 | 08/06/09 | 08/01/10 | 480.00 | 289.28 |
| 02/02/10 | (30,000) | 50,000 | 0.039 | 1,942.22 | 08/06/09 | 08/01/10 | 720.00 | 445.33 |
| 02/04/10 | - | 15,000 | 0.038 | 569.71 | 08/08/09 | 08/03/10 | - | - |
| 02/05/10 | (35,000) | 35,000 | 0.044 | 1,542.34 | 08/09/09 | 08/04/10 | 1,365.00 | 177.34 |

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 02/05/10 | (38,154) | 38,154 | 0.048 | 1,850.42 | 08/09/09 | 08/04/10 | 1,488.01 | 362.41 |
| 02/09/10 | (30,000) | 30,000 | 0.040 | 1,203.43 | 08/13/09 | 08/08/10 | 1,170.00 | 33.43 |
| 02/12/10 | (11,000) | 11,000 | 0.040 | 440.05 | 08/16/09 | 08/11/10 | 429.00 | 11.05 |
| 02/17/10 | - | 14,000 | 0.038 | 529.80 | 08/21/09 | 08/16/10 | - | - |
| 02/17/10 | - | 20,000 | 0.037 | 744.48 | 08/21/09 | 08/16/10 | - | - |
| 02/17/10 | - | 36,000 | 0.038 | 1,357.92 | 08/21/09 | 08/16/10 | - | - |
| 02/19/10 | - | 10,000 | 0.037 | 365.14 | 08/23/09 | 08/18/10 | - | - |
| 02/22/10 | (29,000) | 29,000 | 0.043 | 1,248.50 | 08/26/09 | 08/21/10 | 1,131.00 | 117.50 |
| 02/22/10 | - | 110,000 | 0.039 | 4,262.19 | 08/26/09 | 08/21/10 | - | - |
| 02/23/10 | (79,000) | 79,000 | 0.040 | 3,154.70 | 08/27/09 | 08/22/10 | 3,081.00 | 73.70 |
| 02/25/10 | - | 31,000 | 0.038 | 1,183.34 | 08/29/09 | 08/24/10 | - | - |
| 03/22/10 | (50,000) | 50,000 | 0.033 | 1,667.20 | 09/23/09 | 09/18/10 | 1,300.00 | 367.20 |
| 03/22/10 | - | 65,000 | 0.034 | 2,217.22 | 09/23/09 | 09/18/10 | - | - |
| 03/24/10 | - | 5,000 | 0.034 | 170.56 | 09/25/09 | 09/20/10 | - | - |
| 03/25/10 | - | 95,000 | 0.034 | 3,217.20 | 09/26/09 | 09/21/10 | - | - |
| 03/25/10 | - | 102,000 | 0.034 | 3,461.20 | 09/26/09 | 09/21/10 | - | - |
| 03/25/10 | - | 150,000 | 0.034 | 5,092.18 | 09/26/09 | 09/21/10 | - | - |
| 03/31/10 | (50,000) | 50,000 | 0.054 | 2,701.63 | 10/02/09 | 09/27/10 | 1,950.00 | 751.63 |
| 03/31/10 | (50,000) | 50,000 | 0.074 | 3,691.68 | 10/02/09 | 09/27/10 | 1,950.00 | 1,741.68 |
| 06/15/10 | (50,000) | 50,000 | 0.050 | 2,492.18 | 12/17/09 | 12/12/10 | 500.00 | 1,992.18 |
| **TOTAL** | (487,154) | 1,326,851 | 0.0397246 3 | 52,708.67 | | | 16,149.01 | 6,384.95 |

37.  As the chart above illustrates, between the time periods above, Defendant Brennan has realized over $260,000.00 of profit subject to disgorgement under Section 16(a).

38.  As Defendant Brennan has failed to file *any* Form-4's subsequent to February 2011, Plaintiff is unsure of any purchase and/or sales from June 15, 2010 to July 12, 2012, which could also be in violation of this Section subjecting Defendant to additional disgorgement.

## THIRD CAUSE OF ACTION

## VIOLATION OF CAL. CORP. CODE § 25402

39.  Plaintiff repeats and re-alleges all of the allegations set forth above, as if fully alleged herein.

40.  California Corporations Code § 25402 states:

> It is unlawful ... an officer, director...of an issuer...to purchase or sell any security of the issuer in this state at a time when he knows material information about the

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

*issuer gained from such relationship which would significantly affect the market price of that security and which is not generally available to the public, and which he knows is not intended to be so available, unless he has reason to believe that the person selling to or buying from him is also in possession of the information.*

41.    Defendant Michael Brennan was an officer and director of Plaintiff Micro Imaging Technology, Inc. from August 2, 2006 through April 13, 2012, as stated above.

42.    As alleged above, between March 28, 2007 and at least June 15, 2010, Defendant sold securities in Plaintiff's Class A Common Stock totaling over three million shares.  However, as reported to the SEC, Defendant was only publically shown to have sold 151,000 shares in 2006 (Form 4 dated November 2, 2006) and 159,000 shares in 2007 (Form 4 dated April 10, 2007).

43.    While Defendant Brennan was an officer and director, he was privy to material non-public information, and actively concealed his trading in Plaintiff's common stock shares to the public.

44.    California Corporations Code § 25502.5 provides civil liability to the issue (Plaintiff Micro Imaging Technology, Inc.) for violations in an amount up to "three times the difference between the price at which the security was purchased or sold and the market value which the security would have had at the time of the purchase or sale if the information known to the defendant had been publicly disseminated prior to that time and a reasonable time had elapsed for the market to absorb the information."

45.    Additionally, California Corporations Code § 25502.5 provides the issuer of the security recovery of reasonable costs and attorney's fees.

46.    As an officer and director of Plaintiff Micro Imaging, Defendant Michael Brennan had a legal duty to act with the utmost good faith for the benefit of Micro Imaging Technology.  As a fiduciary of the company, he is charged with not taking advantage from his actions in a manner that harms the company.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

47.     Defendant Brennan breached his fiduciary duties owed to Plaintiff Micro Imaging by failing to act as a reasonably and careful officer and/or director would have acted under the same or similar circumstances.

48.     As a result of Defendant Brennan's actions, Plaintiff was proximately and actually harmed by way of its stock prices being manipulated by Defendant Brennan at an amount to be proven at trial.  Defendant's actions were a substantial factor in bringing about this harm.

## FOURTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

49.     Plaintiff repeats and re-alleges all of the allegations set forth above, as if fully alleged herein.

50.     While Defendant Brennan was an officer and director of Plaintiff, he had a fiduciary obligation to the corporation and its shareholders that required him to act in good faith, use his best judgment, and do his best to promote the corporation's interests.

51.     Among the fiduciary obligations owed by Defendant Brenna where that of the Duty of Loyalty and Care to always act in the corporation's best interest,

52.     From the time period of August 2, 2006 through April 13, 2012, Defendant Brennan owed these duties to Plaintiff by virtue of his position as Chief Executive Officer and Director.

53.     Defendant Brennan breached his fiduciary obligations by, among other things, withholding information from Plaintiff, Plaintiff's Shareholders, and the general public by way of failing to file accurate Forms with the SEC, and by allowing Forms to be filed without his authorization.

54.     As a direct and proximate result of Defendant's breach, Plaintiff has been harmed in an amount according to proof at trial.

///

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Plaintiffs pray for judgment against Defendants, and each of them, for:

i.       Judgment in favor of Plaintiff Micro Imaging Technology, Inc. and against all Defendants on all causes of action;

ii.      An award of compensatory damages according to proof at trial;

iii.     An award requiring Defendants to disgorge all profits realized by their improper purchase and/or sale of Plaintiff's securities

iv.     An award of attorneys' fees and costs of suit incurred herein; and

v.      Such other relief as the Court may deem just and proper.

Dated: August 20, 2014        **DIETERICH & ASSOCIATES**

By:    S/ Christopher H. Dieterich

Christopher H. Dieterich, Esq.
*Attorney for Plaintiffs*
*e-mail: venturelaw@gmail.com*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims in this action.

Dated: August 20, 2014        **DIETERICH & ASSOCIATES**

By:    S/ Christopher H. Dieterich

Christopher H. Dieterich, Esq.
*Attorney for Plaintiffs*

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**